IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE HALL, S13136,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. 23-cv-4054-DWD |
| **G.T.L.,** | ) |
| **ANTHONY WILLS,** | ) |
| **LATOYA HUGHES,** | ) |
| **VIAPATH TECHNOLOGIES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on a Motion to Dismiss filed by Defendant ViaPath Technologies, Inc.[1]. (Doc. 26). The underlying lawsuit, filed by pro se inmate Willie Hall, concerns Plaintiff's purchase and use of a tablet sold to Illinois Department of Corrections (IDOC) inmates by vendor ViaPath. ViaPath contends that Plaintiff's claims against them should be stayed based on a mandatory arbitration clause and/or they should be dismissed as insufficiently pled. Plaintiff has not responded to the Motion. For reasons explained herein, the Court will stay the case for mandatory arbitration and it will not rule on the failure to state a claim arguments.

---

[1] Plaintiff named "G.T.L." as the vendor of the tablet, but when the waiver of service transmitted to "G.T.L." was returned, it was signed by "ViaPath Technologies (incorrectly sued as G.T.L.)" (Doc. 18).

Plaintiff's complaint concerns his ability to access content and to utilize applications via a tablet he purchased while at Menard Correctional Center (Menard). (Doc. 1). Plaintiff alleges he purchased a tablet that promised unlimited books, music, emojis, and at least 40 apps, as well as functions such as the ability to make playlists. Each time he powers up his device it displays a limited warranty that promises the tablet will be free of defect for the first 90 days, and the tablet also offers a tech support feature. Upon receipt of the tablet, Plaintiff discovered that he could not access the full range of advertised materials including books, music, and emojis, that he knew to be permissible within IDOC. He was also unable to create a personal playlist. He contacted ViaPath about the playlist issue but got no resolution. When he attempted to access certain songs or books, such as Game of Thrones, he got an error message. He claims that the error message was a cover-up, because ViaPath did not want to admit that the content offered was not truly unlimited, or that they had removed content with no penological justification. Plaintiff's complaint contains claims against IDOC personnel, and ViaPath. The Court ultimately allowed him to proceed on multiple claims, including a breach of contract claim against all defendants for providing a defective tablet (Claim 4), and a false advertising claim against ViaPath for promising unlimited content but delivering a tablet that lacked most of the promised content (Claim 5). (Doc. 12).

## MOTION TO DISMISS

ViaPath argues that it is entitled to a stay for arbitration, or an outright dismissal of this action for failure to state a claim. First, ViaPath contends that in the complaint Plaintiff referred to the "End User License Agreement" (EULA) when he discussed the

"contract" that is seen on the tablet. He explained the contract contains a section called "agreements," of which he more specifically references Sections 13 A and B—sections he describes as warranties about the tablet. ViaPath contends that this is a clear reference to the full EULA, which they have attached as an exhibit to their Motion. Paragraph 13(a) of the EULA mandates that the parties use their best efforts to directly resolve any dispute, claim, question or disagreement via good faith negotiations, but if negotiations fail, then they must resort to arbitration as governed by the Federal Arbitration Act. (Doc. 26-1 at 9-10). Section 13(c) provides an exception for the resolution of claims via small claims court, and Section 13(d) explains that to opt-out of the arbitration clause, an individual must send a written notice of the opt-out decision within 30 days of agreeing to the EULA. (Doc. 26-1 at 10). ViaPath argues that Plaintiff never opted out, and thus his claims should be dismissed or stayed for enforcement of the mandatory arbitration requirement in the EULA. (Doc. 26 at 4-5).

Alternatively, ViaPath argues that any breach of contract claim should be dismissed for lack of standing because Plaintiff was not an intended-third party beneficiary of the contract between ViaPath and IDOC. (Doc. 26 at 5-7). As for his false advertising claim, they argue that whether it falls within the bounds of the Illinois Consumer Fraud Act or common law fraud, it is not pled with sufficient particularity to survive. ViaPath argues Plaintiff did not clearly allege who made fraudulent statements, when they were made, or to whom they were made. They argue that Plaintiff's false advertising assertions are framed against "individual defendants" removing what was

advertised on the tablet, which they seem to contend is a contrast from ViaPath itself. (Doc. 26 at 9).

## LEGAL STANDARD

Although ViaPath framed the entire motion as a motion to dismiss under Rule 12(b)(6), courts have applied a variety of standards to motions that request the court to compel arbitration. Most recently, the Seventh Circuit indicated that prior characterizations of such a motion under Rule 12(b)(3) were not appropriate. *Rodgers-Rouzier v. American Queen Steamboat Operative Company, LLC*, 104 F.4th 978, 984 (7th Cir. 2024). The Court now finds the appropriate basis for ViaPath's motion to compel arbitration and to stay for that reason is grounded directly in 9 U.S.C. § 3, which provides for a stay of proceedings if an issue is referrable to mediation.

The Federal Arbitration Act (FAA) mandates that courts enforce valid, written arbitration agreements. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002) (citing 9 U.S.C. § 2). This mandate reflects a federal policy that favors arbitration and "places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Arbitration should be compelled under the FAA when "three elements are present: (1) an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate." *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018) (citing 9 U.S.C. §§ 3–4).

A party seeking to compel arbitration has the initial burden of showing a written agreement to arbitrate. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018). If this burden is satisfied, "[the] party opposing a motion to compel arbitration bears the

burden of identifying a triable issue of fact" as to whether the parties validly entered into this agreement. *Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 725 (N.D. Ill. 2017) (*citing Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002)). In the Seventh Circuit, this evidentiary burden is akin to that of summary judgment under Rule 56: the district court must accept the non-movant's evidence as true and draw all inferences in their favor. *Tinder*, 305 F.3d at 735. The non-movant will not succeed in resisting arbitration, however, "by generally denying the facts upon which the right to arbitration rests ... [but] must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.* In some cases, limited discovery may be necessary before the court can determine whether this burden has properly been met. *Burks v. Wal-Mart Stores, Inc.*, No. 12 C 8457, 2013 WL 4777358, at *2 (N.D. Ill. Sept. 5, 2013).

## ANALYSIS

First, as to ViaPath's argument that this matter should be stayed for mandatory arbitration, they indicate (and Plaintiff has not contested) that under the EULA the arbitration is controlled by the Federal Arbitration Act. Plaintiff clearly referenced Section 13 of the EULA in his complaint, so the Court finds it appropriate to consider the terms of the EULA as submitted with Defendants' Motion. Ordinarily when an arbitration agreement is at issue, the Court would review the arbitration agreement under state contact law to determine if a mandatory binding agreement to arbitrate exists, *see e.g., Lamps Plus, Inc. v. Varela,* 587 U.S. 176, 183 (2019) (courts may ordinarily interpret arbitration agreements by reference to state contract principles), but here there is not a dispute between the parties about the existence or enforceability of an arbitration

agreement. The EULA referenced by Plaintiff in the complaint and supplied by ViaPath covers Plaintiff's claims as presented in his complaint, Defendant ViaPath contends that Plaintiff did not opt-out of the EULA, and Plaintiff does not contest this assertion.

The Court accepts based on the EULA and the language contained therein that there is a valid binding arbitration agreement, and it appears that Plaintiff's allegations fall within the scope of that agreement. The third element for a Court order to enforce arbitration is a refusal of a party to participate in arbitration. On that front, the Plaintiff carries the burden to demonstrate his claims should not be subject to arbitration. Here, there is no indication that Plaintiff refuses arbitration, and his lack of a response to ViaPath's Motion to Dismiss suggests that he is not opposed to arbitration. Without any argument from Plaintiff that his claims fall outside the scope of arbitration, or any refusal to arbitrate, there is no factual dispute for the court to resolve. Per § 3 of the FAA, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had[.]" 9 U.S.C. § 3. During arbitration, the Court is to stay this action. *See Smith v. Spizzirri*, 601 U.S. 472, 473-74 (2024) (upon an application to stay an action until arbitration has concluded, a district court cannot dismiss the case instead of issuing a stay).

ViaPath also argues for dismissal of Plaintiff's claims as insufficiently pled. Whatever merit these contentions may have, the Court finds it inappropriate to comment at this juncture given the reality that it appears the entirety of Plaintiff's allegations fall within the EULA and the arbitration requirement. *See e.g.*, *Greenhill v. RV World, LLC*, 727

F.Supp.3d 798, 811 (S.D. Ill. Mar. 9, 2024) (declining to rule on a Rule 12(b)(6) motion after finding the claims were subject to arbitration); *Johnson v. Orkin, LLC*, 928 F.Supp.2d 989, 1001-02 (N.D. Ill. Mar. 6, 2013) (in ascertaining whether the parties agreed to submit a particular grievance to arbitration, a court *must not* rule, evaluate, weigh, or in any way pass on the potential merits of the underlying claims because that is a matter within the exclusive province of the arbitrator); *International Broth. Of Elec. Workers, Local 21 v. Illinois Bell Telephone Co.*, 491 F.3d 685, 688 (7th Cir. 2007) (when determining if parties have agreed to arbitrate, the court must be careful not to consider the merits of the underlying claim).

## DISPOSITION

For the reasons stated above, ViaPath's Motion (Doc. 26) is **GRANTED** in **PART** and **DENIED** in **PART**. The Motion is **GRANTED** to the extent ViaPath seeks an order compelling arbitration, and this matter is **STAYED** only as to Defendant ViaPath pending the outcome of arbitration. The parties are **DIRECTED** to file a notice of the arbitration's completion within 14 days of any award or other final resolution so that the Court may address any dismissal in a timely fashion. By contrast, to the extent ViaPath seeks dismissal of the claims as insufficiently pled, this request is **DENIED**.

Plaintiff's Motion for Status (Doc. 27) is **GRANTED** by the issuance of this Order. He must engage in arbitration with ViaPath of Claims 4 and 5 against ViaPath.

A limited discovery schedule will issue for Plaintiff to address the exhaustion of administrative remedies as it pertains to Claims 1 and 4 against Defendants Hughes and Wills.

**IT IS SO ORDERED.**

**DATED:** January 13, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge