IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE HALL, S13136,           )
                                )
              Plaintiff,     )
                                )
vs.                             )
                                )   Case No. 23-cv-4054-DWD
G.T.L.,                     )
ANTHONY WILLS,         )
LATOYA HUGHES,        )
VIAPATH TECHNOLOGIES, INC.,  )
                                )
            Defendants.  )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Willie Hall, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff's claims concern an electronic tablet device that inmates were allowed to purchase. Defendants Wills and Hughes seeks summary judgment on the exhaustion of administrative remedies (Doc. 33). Despite having notice of the Motion, Plaintiff failed to respond. For reasons explained in this Order, the Motion will be granted.

BACKGROUND

Plaintiff signed his complaint on December 26, 2023, and it was received for filing on December 28, 2023. (Doc. 1 at 14). Plaintiff generally complained that the tablets sold by G.T.L./ViaPath advertised unlimited songs, books, and more, but in reality many of the functions were restricted or did not work. He faulted Defendants Hughes and Wills

for improperly restricting access to content on the tablets.  He also faulted Hughes, Wills, and G.T.L./Viapath for providing a defective tablet and falsely advertising content the tablet would contain.  (Doc. 12).

The Court allowed Plaintiff to proceed on three claims and dismissed others:

**Claim 1:**    **First or Fourteenth Amendment claim against Hughes and Wills for restricting content on the tablet with no penological justification;**

**Claim 4:**    **Breach of contract claim against all Defendants for providing a defective tablet;**

**Claim 5:**    **False advertising claim against G.T.L. for promising unlimited content but delivering a tablet that lacked most of the promised content.**

(Doc. 12).  On January 13, 2025, the Court granted a motion by G.T.L./ViaPath to take Claims 4 and 5 to mandatory arbitration.  (Doc. 28).  The case proceeded to limited discovery on the exhaustion of administrative remedies concerning Defendants Hughes and Wills, which led to the present motion.

### FINDINGS OF FACT

The Defendants were unable to locate any grievances that Plaintiff filed in 2023 concerning dissatisfaction with his tablet.  They tendered a declaration from Margaret Madole, a member of the Administrative Review Board (ARB), wherein she attested she did not locate any grievances that Plaintiff appealed to the last level of review in 2023. Defendants tendered records showing that Plaintiff submitted a single grievance in 2023 about yard access.  They also checked for grievances in early 2024, and indicated there were not any relevant to a tablet.  They tendered a few of Plaintiff's past grievances and

also tendered a lengthy excerpt of his cumulative counseling summary.  The summary

does not reflect any grievances in 2023 about a tablet.  (Doc. 33-2 at 6-8).  However, it

demonstrates that at other times, such as in early 2020, Plaintiff filed several grievances

concerning a variety of issues.  (Doc. 33-2 at 15, 17 (grievances about a broken TV, medical

care, and prison jobs)).

### CONCLUSIONS OF LAW

A.  Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact

and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  In

determining a summary judgment motion, the Court views the facts in the light most

favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex*

*Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Courts generally cannot resolve factual disputes on a motion for summary judgment.  *See*

*Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is

not to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial.") (internal quotation marks and citation omitted).

However, when the motion for summary judgment pertains to a prisoner's failure to

exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an

evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to

exhaust.  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).[1]  After hearing evidence,

---

[1] This case does not involve intertwinement as contemplated by *Perttu v. Richards*, 145 S.Ct. 1793 (2025).

finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g.*, *Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). An inmate must file a grievance within 60 days of an event, 20 Ill. Admin. Code § 504.810(a), and generally, a grievance officer shall make a report to the Chief Administrative Officer within two months of receipt of the written grievance, when reasonably feasible, 20 Ill. Admin. Code § 504.830(e).

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE

§ 504.850(a).  The ARB must receive the appeal within 30 days of the date of the CAO's decision.  *Id.*  The inmate must attach copies of the responses from the grievance officer and CAO to his appeal.  *Id.*

### B.  Analysis

Defendants submitted sufficient records to demonstrate that Plaintiff was aware of the grievance process, and that he had used it several other times at Menard.  For example, in March of 2024, he submitted a grievance about missing personal property.  (Doc. 33-4 at 1-4).  He pursued the grievance all the way through a final decision at the ARB.  (*Id.*).  Notes in his cumulative counseling summary also demonstrate that at other times he used the process for things like medical needs, a broken TV, and issues with a prison job.  All this evidence supports a finding that the grievance process was available, and Plaintiff simply failed to use it for his claims about his tablet.  Plaintiff did not file a response to the summary judgment motion, so he has not created a genuine dispute about the Defendants' contention that he failed to file a grievance.  His complaint mentioned that he grieved an issue directly to G.T.L. for tablet support, but it made no mention of any grievances lodged at the prison.  (Doc. 1 at 2) ("Plaintiff filed a grievance to G.T.L. concerning the violations mentioned herein.").  Accordingly, Claim 1 must be dismissed against Defendants Hughes and Wills for failure to exhaust administrative remedies.

This leaves just Claims 4 and 5, based on state law, against Defendants G.T.L./ViaPath.  Given that these are the only remaining claims in the case, the Court will also now relinquish supplemental jurisdiction over these claims.

**DISPOSITION**

Defendants Hughes and Wills' Motion for Summary Judgment (Doc. 33) is **GRANTED** and Claim 1 against them is dismissed for failure to exhaust. The Court relinquishes supplemental jurisdiction over Claims 4 and 5 against all defendants. The Clerk of Court shall enter judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 28, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
